Timothy W. Miller, Bar No. 5-2704
Sean Towles, Bar No. 7-5992
Senior Assistant Attorneys General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-5820
(307) 777-7250
(307) 777-8920 Facsimile
tim.miller@wyo.gov
sean.towles@wyo.gov

Attorneys for Individual Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| BRENDA COTHRON, Individually and as the MOTHER OF TRAE SPURLOCK and as the Wrongful Death Representative of Trae Spurlock and as the Person who has Applied as the Personal Representative of the Estate of TRAE SPURLOCK, Deceased, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 26-CV-00180-KHR |
| CITY OF CASPER, WYOMING, CASPER POLICE DEPARTMENT, CASPER POLICE OFFICERS, WILLIAM MAPLES, JOCELYN PADILLA AND BRENDEN LAPOINTE, AND JOHN DOES 1-10, | ) | |
| Defendants. | ) | |

---

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS PADILLA AND LAPOINTE (IN THEIR INDIVIDUAL CAPACITIES)**

---

Defendants Jocelyn Padilla and Brenden LaPointe, in their individual capacities (collectively, "movants"), submit the following memorandum in support of their motion to dismiss.

## I. PRELIMINARY STATEMENT

This case arises from a lawful encounter between the late Trae Spurlock and three Casper police officers, including movants, in a Casper apartment on June 6, 2024. Pursuant to 42 U.S.C. § 1983, plaintiff Brenda Cothron (individually and as the wrongful death representative of Trae Spurlock) has sued movants (and others) attempting to assert an excessive force claim under the Fourth Amendment to the United States Constitution.[1] (ECF No. 1 at Count I). Cothron also attempts to assert a state law wrongful death claim against movants (and others) in the Complaint. (*Id*. at Count III).

For the reasons that follow, the Court should dismiss movants from this action. The excessive force claim fails because the Complaint does not allege a use of force by either Officer Padilla or Officer LaPointe. Similarly, the wrongful death claim fails because the Complaint does not allege a negligent act by either of them. Further, movants are entitled to qualified immunity on Cothron's defective excessive force claim. Consequently, their motion to dismiss should be granted.

## II. LEGAL STANDARD

**Rule 12(b)(6)**

Movants have moved to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, which requires dismissal where the complaint fails to state a claim upon which relief can be granted.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570

---

[1] Cothron does not have standing to sue in her individual capacity.

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]ismissal is appropriate where 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Al-Owhali v. Holder*, 687 F.3d 1236, 1240 (10th Cir. 2012) (quoting *Iqbal,* 556 U.S. at 679).

Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Likewise, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557). "Accordingly, in examining a complaint under Rule 12(b)(6), [courts] disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines,* 671 F.3d 1188, 1191 (10th Cir. 2012).

Finally, "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). "'The *Twombly* standard may have greater bite' in the context of a § 1983 claim against individual government actors, because 'they typically include complex claims against multiple defendants.'" *Id.* (quoting *Robbins v. Okla. ex rel. Dep't of Human Servs.,* 519 F.3d 1242, 1249 (10th Cir. 2008). "'[I]t is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice

as to the basis of the claims against him or her, as distinguished from collective allegations[.]'" *Id.* (quoting *Robbins,* 519 F.3d at 1250).

**Qualified Immunity**

"In resolving a motion to dismiss based on qualified immunity, the court considers (1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *VDARE Found. v. City of Colorado Springs,* 11 F.4th 1151, 1175 (10th Cir. 2021), cert. denied, 142 S. Ct. 1208 (2022) (internal quotations omitted). "Because it's the plaintiff's burden to satisfy this strict two-part test, [a court] may grant qualified immunity if a plaintiff fails under either prong." *Id.* (internal quotations omitted).

"For the law to be 'clearly established,' there ordinarily must be a Supreme Court or Tenth Circuit opinion on point, or the clearly established weight of authority from other circuits must point in one direction." *Pompeo v. Bd. of Regents of the Univ. of New Mexico,* 852 F.3d 973, 981 (10th Cir. 2017). "Clearly established means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful. In other words, existing law must have placed the constitutionality of the officer's conduct beyond debate." *Roberts v. Winder,* 16 F.4th 1367, 1374 (10th Cir. 2021) (internal quotations omitted).

"The plaintiff bears the burden of citing to [the court] what he thinks constitutes clearly established law." *Crane v. Utah Dep't of Corr.,* 15 F.4th 1296, 1303 (10th Cir. 2021) (internal quotations omitted). In that regard, "[t]he proffered case law must be particularized to the facts of the instant case." *N.E.L. v. Douglas Cnty., Colo.,* 740 F. App'x 920, 929 (10th Cir. 2018) (internal quotations omitted). "The dispositive question is whether the violative nature of *particular* conduct is clearly established, which means courts may not define clearly established law at a high level of

generality." *Crane,* 15 F.4th at 1303 (internal quotations omitted) (emphasis in original). Moreover, "[i]t is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply. Otherwise, the rule is not one that every reasonable official would know." *Roberts,* 16 F.4th at 1374 (internal quotations omitted).

## III. ARGUMENT

### A. THE COMPLAINT DOES NOT STATE AN EXCESSIVE FORCE CLAIM AGAINST MOVANTS.

"Personal involvement is an essential allegation in a § 1983 action." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996). "[Section 1983] renders liable only those persons 'who, under color of any [state law] ... subject[ ], or cause[ ] to be subjected, any citizen' to a deprivation of his or her lawful rights." *Porro v. Barnes,* 624 F.3d 1322, 1327 (10th Cir. 2010) (quoting 42 U.S.C. § 1983). "From this statutory language, it is evident that '[i]n order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation of a constitutional right must be established.'" *Id.* (quoting *Trujillo v. Williams,* 465 F.3d 1210, 1227 (10th Cir. 2006) (emphasis in original).

"Because § 1983 . . . [is a] vehicle[] for imposing personal liability on government officials, [the Tenth Circuit Court of Appeals has] stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas,* 718 F.3d 1210, 1225 (10th Cir. 2013). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Id.* at 1226 (quoting *Tonkovich v. Kan. Bd. of Regents,* 159 F.3d 504, 532 (10th Cir.1998)). "[An] undifferentiated contention that 'defendants' infringed his rights [is insufficient]." *Id.*

As the Tenth Circuit Court has stated:

> [T]he burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants. Given the complaint's use of either the collective term "Defendants" or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.

*Robbins,* 519 F.3d at 1250.

Disregarding these basic principles, Cothron has brought an excessive force case against Officer Padilla and Officer LaPointe without alleging a use of force by either of them. (*See* ECF No. 1). Cothron alleges they did one thing: "Defendant Officers William Maples, Jocelyn Padilla and Brenden LaPointe responded to the apartment that was leased in the name of Trae Spurlock due to a report made by Makayla Kelch." (*Id.* at ¶ 13). Cothron otherwise makes conclusory allegations against "the Officers" generally (*see, e.g., id*. at ¶¶ 30-34), which are meaningless. *See Pahls,* 718 F.3d at 1225-26; *Khalik,* 671 F.3d at 1191; *Robbins,* 519 F.3d at 1249-50.

The Tenth Circuit Court considered a similar complaint in *Stone v. Simone,* 610 F. App'x 751, 754 (10th Cir. 2015). In affirming a judgment on the pleadings, the court stated as follows:

> When alleging § 1983 violations against government actors, a plaintiff must "make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011) (brackets and internal quotation marks omitted). Here, while Stone [plaintiff] used collective terms—*i.e.,* "deputies," "defendants," or "officers," *see* Aplt. App. at 13, he failed to distinguish the acts attributable to each defendant, thus depriving them of the ability to ascertain the particular unconstitutional acts each defendant is alleged to have committed. *See Robbins v. Okla.,* 519 F.3d 1242, 1250 (10th Cir. 2008). Because Stone failed to meet his burden to provide fair notice of the grounds for his claims against each defendant, the district court did not err in granting judgment for defendants on Stone's § 1983 claim.

*Id*.

The same result obtains in this case. Cothron does not allege a use of force – unconstitutional or otherwise – by either Officer Padilla or Officer LaPointe. (*See* ECF No. 1). Further, Cothron's collective allegations against "the Officers" do not "meet [her] burden to provide fair notice of the grounds for [her] claims against each defendant." *Stone,* 610 F. App'x at 754. Consequently, the excessive force claim against movants should be dismissed.

## B. THE COMPLAINT DOES NOT STATE A WRONGFUL DEATH CLAIM AGAINST MOVANTS.

Cothron's state law wrongful death claim fares no better than her § 1983 excessive force claim. (*See* ECF No. 1 at Count III). "The Wyoming Supreme Court has previously set forth the elements of a wrongful death claim:

> 'The essentials of such a wrongful death complaint are: (1) the plaintiffs' capacity to sue as personal representative of the deceased; (2) that the plaintiffs are the persons entitled by statute to damages; **(3) [that the plaintiffs] allege sufficient facts to show in what particular the defendant or defendants were negligent**; (4) that the defendants' negligence was the proximate cause of death; and (5) damages.'"

*Lennen v. City of Casper*, No. 19-CV-41-SWS, 2021 WL 2885788, at *19 (D. Wyo. June 15, 2021), *aff'd,* No. 21-8040, 2022 WL 612799 (10th Cir. Mar. 2, 2022) (quoting *Craft v. State ex rel. Wyo. Dep't of Health*, 2020 WY 70, ¶ 13, 465 P.3d 395, 400 (Wyo. 2020) (emphasis added); *see* Wyo. Stat. Ann. § 1-38-101 (wrongful death statute).

"'[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.'" *Lopez v. Wall,* No. 2:26-CV-02939-GJF, 2026 WL 2668974, at *2 (D.N.M. Sept. 10, 2026) (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (brackets and emphasis in original).

In this case, Cothron does not allege that Officer Padilla or Officer LaPointe did anything to Spurlock. (*See* ECF No. 1). In other words, Cothron has not begun to "'allege sufficient facts to show in what particular [those officers] were negligent.'" *Lennen,* 2021 WL 2885788, *19 (quoting *Craft,* ¶ 13, 465 P.3d at 400). As a result, Cothron has failed to state a wrongful death claim against movants, and they should be dismissed from this action.

**C. MOVANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON COTHRON'S DEFECTIVE EXCESSIVE FORCE CLAIM.**

"[W]hen [as here] a defendant asserts the defense of qualified immunity in response to a plaintiff's excessive-force claim, the plaintiff is required to show that the force used was impermissible (a constitutional violation) *and* that objectively reasonable officers could not have not thought the force constitutionally permissible (violates clearly established law)." *A.M. v. Holmes,* 830 F.3d 1123, 1151 (10th Cir. 2016) (internal quotations omitted) (emphasis in original). In that regard, "[u]se of excessive force is an area of the law in which the result depends very much on the facts of each case, and thus police officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue." *City of Escondido, Cal. v. Emmons,* 586 U.S. 38, 42 (2019) (internal quotations omitted).

It is a bit awkward asserting qualified immunity where no use of force by the officers is actually alleged. (*See* ECF No. 1). Nonetheless, in the absence of such an allegation, Cothron has failed to set forth a use of force that was impermissible and violated clearly established law. Consequently, movants are entitled to qualified immunity.

## IV. CONCLUSION

Cothron has failed to plausibly allege any claims against movants in this case. In addition, qualified immunity bars her defective excessive force claim against movants. Accordingly, movants' motion to dismiss should be granted.

DATED this 26th day of October, 2026.

*/s/ Sean Towles*
Timothy W. Miller, Bar No. 5-2704
Sean Towles, Bar No. 7-5992
Senior Assistant Attorneys General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-5820
(307) 777-7250
(307) 777-8920 Facsimile
tim.miller@wyo.gov
sean.towles@wyo.gov

Attorneys for Individual Defendants

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 26th day of October, 2026, a true and correct copy of the foregoing **Memorandum in Support of Motion to Dismiss of Defendants Padilla and LaPointe (In Their Individual Capacities)** was served as indicated below:

Christopher J. King
P.O. Box 552
Worland, WY 82401
chris@cjkattorney.com

Attorney for Plaintiff

[✓] CM/ECF

*/s/ Kailie D. Harris*
Kailie D. Harris, Paralegal
Office of the Wyoming Attorney General